**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTONIO SUAREZ-MESA,

Petitioner,

v. Case No. 8:06-CV-00037-T-24MSS

JAMES R. MCDONOUGH[1],

Respondent.
_______________________________/

**ORDER**

This cause is before the court upon Petitioner Antonio Suarez-Mesa's ("Suarez-Mesa") Amended Petition for Writ of Habeas Corpus[2] pursuant to 28 U.S.C. § 2254. Suarez-Mesa challenges his 1999 convictions entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. (Dkt. 3). Respondent has filed a response to the petition (Dkt. 16), and Suarez-Mesa has filed a reply thereto (Dkt. 23).

**Background**

Suarez-Mesa was charged in a five count Indictment dated June 15, 1994, with first

---

[1] In his petition, Suarez-Mesa names James V. Crosby, Jr., former Secretary of the Department of Corrections, as the party respondent in this case. As of the date of this order, James R. McDonough is the Secretary of the Department of Corrections. Accordingly, pursuant to Rule 25 of the Federal Rules of Civil Procedure and Rule 2 of the Rules Governing Section 2254 Cases, the Court will substitute McDonough as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases (2006).

[2] Suarez-Mesa presented his original § 2254 petition to prison authorities for mailing on January 3, 2006. (Dkt. 1). In that petition, he challenged his 1996 and 1999 convictions. By order entered on January 10, 2006, the Court dismissed the petition without prejudice and directed Suarez-Mesa to file an amended petition that related only to his 1999 convictions, as he had already obtained relief on the 1996 convictions when they were reversed by the state district court of appeal. *See Suarez-Mesa v. State*, 722 So.2d 843 (Fla. 2d DCA 1998). Suarez-Mesa signed his amended § 2254 petition on January 20, 2006, and it was received by the Court on January 23, 2006. (Dkt. 3).

degree murder (Count 1), burglary of a dwelling with a dangerous weapon with intent to commit battery (Count 2)[3], violation of a domestic injunction (Count 3), aggravated assault on a law enforcement officer (Count 4), and obstructing or opposing an officer with violence (Count 5). (Dkt. 17, Ex. 1, p. 18-20).[4] Represented by court-appointed counsel, Suarez-Mesa proceeded to jury trial beginning May 28, 1996. The jury found Suarez-Mesa guilty of Counts 1 through 4.[5] He filed a direct appeal. On November 6, 1998, the state district court of appeal, in Case No. 96-03601, reversed his first degree murder and burglary of a dwelling while armed with a firearm convictions and remanded the case to the state trial court for a new trial on those charges. *See Suarez-Mesa v. State*, 722 So.2d 843 (Fla. 2d DCA 1998).

Following a retrial, Suarez-Mesa was convicted of first degree murder (Count 1) and burglary of a dwelling while armed with a firearm (Count 2) on March 26, 1999. (Dkt. 17, Ex. 1, pp. 232-33). The state trial court thereafter sentenced Suarez-Mesa to a term of life imprisonment on Count 1 and a term of imprisonment of eleven years on Count 2.[6] (Dkt. 17, Ex. 1, pp. 240-46). Suarez-Mesa timely filed a direct appeal. On August 16, 2000, the state district court of appeal, in Case No. 2D99-1589, affirmed his convictions and

[3] By order filed on October 11, 1994, Count 2 of the Indictment was dismissed by the state trial court. (Dkt. 17, Ex. 1, pp. 23-27). However, upon appeal by the State, the Florida Second District Court of Appeal, in Case No. 94-03676, reversed and remanded the case to the state trial court with instructions to reinstate the burglary charge. (Id. at pp. 34-38). *See State v. Suarez-Mesa*, 662 So.2d 735 (Fla. 2d DCA 1995).

[4] Respondent has filed with its response the record on direct appeal from the state district court of appeal. (Dkt. 17, Ex. 1). The page numbers of references in this exhibit are designated by the page numbers located in the bottom right-hand corner of the page.

[5] A review of the Judgment shows that Count 5 was dismissed. (Dkt. 17, Ex. 1, p. 42).

[6] Following his conviction in his first trial, Suarez-Mesa was sentenced to time served as to Count 3 and to an eleven year term of imprisonment on Count 4. The sentence imposed on Count 2 following retrial was designated to run concurrently with the sentence originally imposed on Count 4.

sentence. (Dkt. 18, Ex. 5). *See Suarez-Mesa v. State*, 768 So.2d 1082 (Fla. 2d DCA 2000) [Table]. He did not seek rehearing nor did he file a petition for writ of certiorari in the United States Supreme Court.

On March 31, 1999, Suarez-Mesa, through counsel, filed a motion to correct sentencing error pursuant to Fla. R. Crim. P. 3.800(b). (Dkt. 17, Ex. 1, pp. 250-51). The state trial court denied the motion on April 14, 1999. (Dkt. 17, Ex. 1, p. 256). He did not appeal the denial of this motion.

Suarez-Mesa, proceeding *pro se*, filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 in the state trial court on February 5, 2001.[7] The state trial court ordered the State to file a response to the motion and an evidentiary hearing was held on December 16, 2002. By order entered on December 18, 2002, the state trial court dismissed Suarez-Mesa's Rile 3.850 motion.[8] He did not timely appeal the dismissal of this motion.

On December 15, 2003, Suarez-Mesa filed a petition for writ of habeas corpus in the state district court of appeal seeking a belated appeal of the dismissal of his Rule 3.850 motion. (Dkt. 18, Ex. 6). In his petition, Suarez-Mesa alleged that he requested his collateral counsel to file an appeal of the dismissal of his Rule 3.850 motion but that

---

[7] A copy of the Rule 3.850 motion was not filed as part of the record in the instant case. In his response, Respondent asserts that the motion was dated February 5, 2001. A review of the online docket of the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, in Case No. 94-CF-006609, shows that the motion was docketed by that court on February 7, 2001. *See* http://207.156.115.81/oridev/criminal_pack.doc?pcSearchMode=NS&pnPidm=172810&pcCaseId=94-CF-006609&pnCnt=1&pcCourtType=%. To the extent that Suarez-Mesa must have signed his motion prior to its receipt by the state trial court, the Court will give him the benefit of the earlier filing date for purposes of evaluating the timeliness of the instant petition and consider the Rule 3.850 motion as filed on February 5, 2005, as indicated by the Respondent. *See Houston v. Lack*, 487 U.S. 266; *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[8] See online docket at address cited *supra*, note 7.

counsel failed to do so. The state district court of appeal appointed a commissioner to take testimony on the issue and submit a report of findings and recommendation in the matter. The commissioner filed his report on June 14, 2004, recommending that the motion for belated appeal be granted. (Dkt. 18, Ex. 9). On July 15, 2004, the state district court of appeal granted Suarez-Mesa's petition for a belated appeal (Case No. 2D03-5708). (Dkt. 18, Ex. 10).[9] On December 8, 2004, the state district court of appeal per curiam affirmed the denial of Suarez-Mesa's Rule 3.850 motion in Case No. 2D04-3695. (Dkt. 18, Ex. 17). On December 20, 2004, Suarez-Mesa filed a motion for rehearing and rehearing en banc. (Dkt. 18, Ex. 18). On February 18, 2005, the state district court of appeal granted the motion for rehearing and withdrew its summary opinion dated December 8, 2004. (Dkt. 18, Ex. 19). *See Suarez-Mesa v. State*, 2005 Fla. App. LEXIS 1659 (Fla. 2d DCA Feb. 18, 2005). On August 19, 2005, the state district court of appeal per curiam affirmed the denial of the Rule 3.850 motion. (Dkt. 18, Ex. 23). *See Suarez-Mesa v. State*, 915 So.2d 1214 (Fla. 2d DCA 2005). Suarez-Mesa filed a motion for rehearing which was denied by the state district court of appeal on October 6, 2005. (Dkt. 18, Exs. 24, 25). The mandate issued on October 27, 2005.

---

[9] Suarez-Mesa filed a notice of appeal dated July 9, 2004, apparently contesting the findings of the commissioner's report. (Dkt. 18, Ex. 12). On August 19, 2004, the state district court of appeal, in Case No. 2D04-3518, ordered as follows:

> This appears to be an attempt to appeal a finding of the commissioner in 2D03-5708. If such, it is not appealable. Appellant shall show cause within 15 days why this appeal should not be dismissed for lack of jurisdiction.

(Dkt. 18, Ex. 13). On October 15, 2004, the state district court of appeal held:

> This appeal is dismissed for lack of jurisdiction; the belated appeal was granted in 2D03-5708, and is proceeding in 2D04-3695.

(Dkt. 18, Ex. 14).

The instant *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was signed by Suarez-Mesa on January 20, 2006. Upon review of the record, Suarez-Mesa's petition is time-barred and must be DENIED.

**Standard of Review**

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A-D). Section §2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under §2244(d)(1). Absent demonstration of either the timeliness of a petition pursuant to § 2244(d) or that the principle of equitable tolling applies in the particular case, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). Since Suarez-Mesa's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof.

## Discussion

Suarez-Mesa's conviction became final on direct appeal on November 14, 2000, when the 90 day period for filing a petition for writ of certiorari in the United States Supreme Court expired.[10] *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002); Sup. Ct. R. 13.3.[11] Thus, the limitations for filing his § 2254 petition began to run the following day on November 15, 2000. Absent any tolling by a "properly filed" application for state post-conviction relief, Suarez-Mesa then had one year from that date, until November 15, 2001, to file a timely federal habeas corpus petition. Any filing in state court filed after November 15, 2001, would not toll the time for filing the instant petition.

The limitations period was tolled when Suarez-Mesa filed his Rule 3.850 motion for post-conviction relief in the state trial court on February 5, 2001. As of that date, 82 days of the one year limitations period for filing a timely § 2254 petition had expired. Following the state trial court's dismissal of his Rule 3.850 motion on December 18, 2002, Suarez-Mesa had thirty days, until January 17, 2003, in which to file a timely appeal of that denial in the state district court of appeal. He did not do so. Consequently, the limitations period recommenced to run on January 18, 2003. As of that date, 283 days of the limitations period remained, thus giving Suarez-Mesa until October 29, 2003, to file a timely federal habeas petition.

---

[10] During the pendency of his direct appeal, Suarez-Mesa filed his Rule 3.800(b) motion to correct sentencing error in the state trial court. (Dkt. 17, Ex. 1, pp. 250-51). Because this motion was already pending during the pendency of his direct appeal and was denied prior to the affirmance of his conviction by the state district court of appeal, the filing of said motion did not serve to toll the limitations period.

[11] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3.

Suarez-Mesa filed his original § 2254 petition on January 3, 2006, over two years after the expiration of the limitations period. Because the limitation period cannot be reinitiated after its expiration, all of Suarez-Mesa's subsequent filings in the state courts submitted after October 23, 2003, had no tolling effect. *See Cherry v. McDonough*, 2007 WL 328781 at *5 (M.D. Fla., Jan. 31, 2007); *Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001). Suarez-Mesa has not demonstrated that a State created impediment prevented him from filing a timely § 2254 petition, nor has he shown that he could not have discovered the factual predicate of his federal claims prior to January 3, 2006, the day he submitted his original § 2254 petition to prison authorities for mailing, through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Therefore, the instant petition is time-barred pursuant to the one-year limitation period under 28 U.S.C. § 2244(d) unless he can demonstrate that he is entitled to equitable tolling.

Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002; *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. To establish diligence, a petitioner must present evidence showing reasonable efforts to timely file his action. *See Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (citing *Drew*, 297 F.3d at 1287-89). The Eleventh Circuit has emphasized that "equitable tolling applies only in truly extraordinary circumstances." *Id.* (*citing Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew*, 297 F.3d at 1286).

In his reply to Respondent's response, Suarez-Mesa addresses the timeliness issue and asserts that the instant § 2254 petition should be considered timely. Specifically, he contends that:

> There are no State Court filings in [his] case that remotely even suggests [sic] tardy or untimely filing. There is at least one showing where Petitioner's Appeal of the Denial of his Rule 3.850 whas [sic] frustrated due to defense counsel's dilatoriness in filing a Notice of Appeal. This, through no fault of his own, cannot bar review of the writ of Habeas Corpus.
>
> ...
>
> In Petitioner Suarez-Mesa's case, his State Court review process occurred through the normal and ordinary procedures, [a]ll of which [a]ccurately tolled the AEDPA time limitations.
>
> Certainly, by the unique progress Petitioner's case took in fruition to becoming final, the case remained within the time restrictions of AEDPA and was timely filed.

(Dkt. 23, pp. 2-3).

Suarez-Mesa does not contend that he is entitled to equitable tolling. Furthermore, he has not demonstrated that any extraordinary circumstances existed that caused him to erroneously calculate the expiration of the limitations period for filing a timely § 2254 petition through the exercise of due diligence. The "unique progress" of his case in the state courts does not render the instant federal petition timely. To the extent that he was granted a belated appeal of the denial of his Rule 3.850 motion after the expiration of the federal limitations period under § 2244(d), that appeal did not operate to retroactively toll the limitations period for filing a § 2254 petition. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (noting that documents petitioner filed in state courts after the deadline for filing a federal habeas petition had expired could not toll that deadline because, once a deadline has expired, there is nothing left to toll). Even assuming *arguendo* that such instance constituted an "extraordinary circumstance," Suarez-Mesa has not

demonstrated that he acted with due diligence. Suarez-Mesa does not specify any circumstances that were beyond his control that prevented him from timely filing his federal habeas petition, nor does he present any evidence of a reasonable effort to do so. "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, "ignorance of the law does not justify an extension of the one-year period to commence a collateral attack upon a criminal sentence." *See Fulton v. United States*, 2005 WL 1163188 at *3 (M.D. Ga., April 26, 2005) (citing *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002)). Suarez-Mesa's allegations fail to meet the standard necessary to justify equitable tolling of the one year limitation period prescribed by 28 U.S.C. § 2244(d).

Accordingly, the Court orders:

That Suarez-Mesa's petition for writ of habeas corpus is denied with prejudice as time-barred. The Clerk is directed to enter judgment against Suarez-Mesa and to close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 7, 2007.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Antonio Suarez-Mesa